**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **SHANEEN ALLEN**, <br><br> Plaintiff, <br><br> *v.* <br><br> **THE UNITED STATES OF AMERICA,** <br><br> Defendant. | **CIVIL ACTION** <br><br><br> **NO. 24-99-KSM** |

**MEMORANDUM**

**MARSTON, J.**                                                          **January 3, 2025**

Sometimes it is better to ask for forgiveness than for permission.  But filing a late response to a motion for summary judgment is not one of those times.  Plaintiff Shaneen Allen sued Defendant the United States of America (the "Government") for negligence, alleging that a United States Postal Service ("USPS") tractor trailer ran a red light, caused a car crash, and left her with serious injuries.  After the close of discovery, the Government moved for summary judgment.  Plaintiff did not respond to the Government's motion before the Court-imposed deadline had passed.  Then, without seeking leave of Court to file a late response, Plaintiff responded to the Government's motion.  In her response, Plaintiff accused the Government of using improper tactics and asked the Court to reopen discovery under Federal Rule of Civil Procedure 56(d).  The Government now moves to strike Plaintiff's untimely response.  As explained below, the Court will grant the Government's motion to strike and its motion for summary judgment.

I.      **Motion to Strike**

A.      **Procedural History**

Plaintiff filed this lawsuit on January 9, 2024.  (Doc. No. 1.)  Once the Government answered, the Court held a telephone conference on April 30, 2024, pursuant to Federal Rule of Civil Procedure 16.  (Doc. No. 9; Doc. No. 12.)  After the conference, the Court issued a scheduling order.  (Doc. No. 13.)  Per the scheduling order, the parties were to complete fact and expert discovery by September 27, 2024, and submit any motions for summary judgment by October 25, 2024.  (*Id.*)  Responses were due shortly thereafter, on November 8.  (*Id.*)

Over the next five months, the parties conducted discovery, and no motions were filed to extend the discovery deadlines.  On October 17, 2024, the Government informed Plaintiff's counsel that it planned to file a motion for summary judgment.  (Doc. No. 20-1 at 2.)  It also told Plaintiff's counsel to file an extension with the Court if Plaintiff wanted additional discovery. (*Id.*)  A week later, the Government moved for summary judgment.  (Doc. No. 14.)  The November 8 deadline to respond came and went without a response or request for an extension to respond from Plaintiff.

A week after the deadline to respond, Plaintiff's counsel filed two responses in opposition without leave of Court.  (*See* Doc. No. 17; Doc. No. 18.)  Neither response explained why Plaintiff's counsel had missed the deadline set forth in the Court's scheduling order.  Worse still, Plaintiff's counsel attached an expert report that was not disclosed during discovery, in violation of yet another deadline in the Court's scheduling order.  (*See* Doc. No. 17 at 180–82; Doc. No. 18 at 180–82; Doc. No. 18-1 at 160–62.)  And again, Plaintiff's counsel provided no explanation as to why this expert report was not disclosed earlier.

The Court held a telephone conference on November 15, 2024. (Doc. No. 19.) There, Plaintiff's counsel complained about discovery issues, and the Court informed counsel that the proper time to raise those issues was during discovery, not three weeks after a motion for summary judgment had been filed. Four days later, the Government moved to strike Plaintiff's untimely responses. (Doc. No. 20.) Plaintiff responded to the motion to strike one week later. (Doc. No. 21.)

### B.    Legal Standard

"It is beyond question that [a] District Court has the authority to strike filings that fail to comply with its local rules." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018). "[M]atters of docket control . . . are committed to the sound discretion of the district court. [The Third Circuit] will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Lue-Martin v. Mar. Grp. LLLP*, 379 F. App'x 190, 192 (3d Cir. 2010) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)); *see also United States v. Eleven Vehicles, Their Equip. & Access.*, 200 F.3d 203, 214 (3d Cir. 2000) ("[W]e have held that it is not an abuse of discretion for a district court to impose a harsh result . . . when a litigant fails to strictly comply with the terms of the local rule."). However, the Third Circuit has also held that "a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Eleven Vehicles*, 200 F.3d at 214.

### C.    Analysis

In its motion to strike, the Government correctly points out that Plaintiff *never* sought leave to file a late response and *never* asked for an extension to respond. (Doc. No. 20 at 3.)

Plaintiff's counsel gives two excuses for missing the deadline: (1) that he was "unaware" of the deadline because of a personnel change; and (2) that he incorrectly calculated the time to respond to the Government's motion. (Doc. No. 21 at 5.) Counsel also argues that the Court should permit the late filings because of "Plaintiff's good faith action" and "the lack of prejudice" to the Government. (*Id.* at 8.) The Court addresses each argument in turn.

To begin, the Court is not moved by Plaintiff's counsel's lack of awareness of the deadline to respond. Counsel entered his appearance before the Court issued the scheduling order, which set forth the November 8 deadline to respond to motions for summary judgment.[1] (Doc. No. 11.) Ignorance of a court-imposed deadline, like ignorance of the law, is not a valid excuse. *See United States v. Gerald*, No. CR 15-246-KSM-1, 2024 WL 199555, at *3 (E.D. Pa. Jan. 18, 2024) ("[I]gnorance of the law is not sufficient.") Counsel's second excuse also falls flat. He says that he incorrectly calculated the deadline to respond, but the Court is puzzled by this so-called "calculation." (Doc. No. 21 at 5.) The scheduling order set the deadline to respond, so there was no need for counsel to make any calculations.

Nor is the Court persuaded by Plaintiff's counsel's claims that Plaintiff acted in good faith and that the Government would not be prejudiced by the late filings. Several facts undermine both claims. For one, Plaintiff's counsel said at the November 15 status conference that the Government failed to disclose that the USPS driver would require an interpreter. Counsel made a similar argument in Plaintiff's response to the Government's motion for summary judgment. (Doc. No. 17 at 6–7.) These arguments are unequivocally false. Two

---

[1] In addition, "Local Civil Rule 7.1(c) provides that "any party opposing [a] motion shall serve a brief in opposition . . . within fourteen (14) days after service of the motion and supporting brief." *Brown v. City of Philadelphia*, 541 F. Supp. 3d 605, 613 (E.D. Pa. 2021) (internal quotations omitted). The Court's scheduling order mirrored the Local Rule and gave each party two weeks to respond to motions for summary judgment.

weeks after the Rule 16 conference, the Government disclosed that the driver "is a native-Spanish speaker and will require a translator for his deposition." (Doc. No. 20-2 at 2.) The Government then sent three reminders that a translator was needed. (Doc. No. 20-1 at 6; Doc. No. 20-3 at 2; Doc. No. 20-4 at 2.) For another, Plaintiff's counsel did not disclose an expert report until November 15, 2024, in violation of another deadline in the Court's scheduling order. (*See* Doc. No. 13 at 1.) Thus, the Court finds that Plaintiff did not act in good faith and the expert report is unduly prejudicial because it was not disclosed during discovery. *See United States v. Brace*, 334 F.R.D. 472, 481 (W.D. Pa. 2020) (finding that "the Government was both surprised and prejudiced" by an untimely and undisclosed expert report).

The Court concludes that it is appropriate to exercise the Court's discretion to strike Plaintiff's untimely filings because Plaintiff's counsel has offered no sound justification for failing to comply with the deadlines set in the scheduling order. *See Brown*, 541 F. Supp. 3d at 613–14 (citing *Lue-Martin*, 379 F. App'x at 193 ("[T]he District Court did not abuse its discretion when it struck Martin's untimely counter statement of facts."); *Buglak v. Wells Fargo Bank, N.A.*, Civil Action No. 16-4546, 2017 WL 3116137, at *2 (E.D. Pa. July 21, 2017) ("Plaintiffs responded [to the defendant's summary judgment motion] seventeen days late. Due to their non-compliance with local rules, the Court will not consider Plaintiffs' response."); *Reynolds v. Rick's Mushroom Serv., Inc.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003) (refusing to consider the defendants' untimely response to the plaintiffs' summary judgment motion)). Accordingly, the Court strikes Doc. No. 17, Doc. No. 18, and Doc. No. 18-1.

## II.    Motion for Summary Judgment

Because the Court has exercised its discretion to strike Plaintiff's untimely responses to a summary judgment motion, Plaintiff has waived her right to "respond to or to controvert the facts

asserted in the summary judgment motion." *Buglak*, 2017 WL 3116137, at *2 (E.D. Pa. July 21,

2017) (internal quotations omitted).  But this "does not require summary judgment" to be entered

in the Government's favor.  *Id.* (internal quotations omitted).  Rather, the Court must still

"conduct a full analysis to determine whether granting summary judgment" is appropriate.

*Weitzner*, 909 F.3d at 614.  In other words, the "court must still determine whether the moving

party's alleged facts warrant summary judgment." *Buglak*, 2017 WL 3116137, at *2.

### A.    Factual Background

Taking the facts as outlined in the Government's motion in the light most favorable to

Plaintiff, the relevant facts are as follows.  On Friday, September 17, 2021, Plaintiff returned

home from her 10:00 a.m. to 6:00 p.m. shift as a site coordinator for the Philadelphia Parking

Authority.  (Doc. No. 14-1 at 6.)  When she got home, she took a nap and then got up to start

packing for a planned move to a home that she was in the process of purchasing.  (*Id.* at 7.)

At around 2:00 a.m., she left her house to go meet a friend at a lounge in North

Philadelphia to help him get his license to carry a gun.  (*Id.*) After a roughly thirty-minute drive,

Plaintiff arrived at the lounge.  (*Id.*)  When she got there, however, she surveyed the

neighborhood and began to feel unsafe.  So, after waiting only five minutes, she decided to leave.

(*Id.*)  Plaintiff could not recall what she did from 2:30 a.m. to 4:15 a.m.  (*Id.*)

At 4:45 a.m., Plaintiff drove her 2020 Honda Accord through the intersection of North

Broad Street and Saint Luke Street.  (*Id.* at 1.)  When she did so, her car collided with a 28-foot

tractor trailer driven by a USPS employee.  (*Id.*)  Specifically, the front driver's side of her car

collided with the rear driver's side bumper of the tractor-trailer.  (*Id.* at 17.)  Shortly after the

accident, an ambulance took Plaintiff to Temple University Hospital. (*Id.* at 12.) There, she

reported that she was "T-Boned by a large truck."[2] (*Id.* at 13.)

According to a police report created after the accident, Plaintiff was driving southbound

on Broad Street when she ran the red light and collided with a USPS tractor-trailer that was

turning left from Saint Luke Street onto Broad Street. (*Id.* at 2–3.) This sequence of events

tracks the USPS driver's declaration. In it, he says that he was stopped at the red light on Saint

Luke Street. (*Id.* at 15.) When the light turned green, he pulled into the intersection to turn left

onto North Broad Street. (*Id.* at 17.) As he was almost done making the left turn, Plaintiff ran

the red light on North Broad Street and hit the rear bumper of the tractor-trailer. (*Id.*) Right after

the accident, the driver took a picture that shows the tractor-trailer almost fully turned left onto

North Broad Street. (*Id.* at 17–18.)

Plaintiff did not propound any written discovery on the Government, did not conduct any

depositions, and did not timely file an expert medical report. (*Id.* at 5–6.) She did, however,

respond to the Government's interrogatories and sit for a deposition. In response to the

Government's interrogatory, Plaintiff said she was driving south on Broad Street and had a green

light for the Saint Luke intersection when a tractor trailer hit her car on the front driver's side.

(*Id.* at 5.) But, in her deposition, she explained that she never saw the 28-foot USPS truck until

after the collision. (*Id.* at 9–11.) She denied that the USPS truck was turning left from St. Luke

Street because "she would have seen him coming." (*Id.* at 11.) Instead, she speculated that the

USPS tractor-trailer must have been going straight on Broad Street. (*Id.* at 11–12.)

---

[2] The photographic evidence shows that Plaintiff's car was not T-Boned by the USPS truck because Plaintiff's car had damage only to the front driver's side which hit the USPS truck's rear bumper. (*See* Doc. No. 14-1 at 17–8.)

### B.      Standard of Review

Summary judgment is appropriate when the "materials in the record," show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 248. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. And at "summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks and alterations omitted).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted); *see also id.* at 325 ("[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case."). After the moving party has met its burden, the nonmoving party is required to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 323 (internal quotations omitted); *see*

*also Matsushita Elec. Indus. Co..*, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23 (internal quotations omitted). "[T]his standard makes clear that, even though the right to a jury trial is implicated, a nonmoving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings." *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (internal quotations omitted). "[U]nsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010).

### C.   Analysis

To make out a negligence claim under Pennsylvania law, "the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage."[3] *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). The plaintiff "has the burden of establishing, by

---

[3] Under the Federal Tort Claims Act, the United States is liable to the plaintiff to the same extent that a private person "would be liable . . . in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the accident occurred in Pennsylvania, Pennsylvania law governs this dispute.

a preponderance of the evidence, that the defendant engaged in conduct that deviated from the

general standard of care expected under the circumstances, and that this deviation proximately

caused actual harm." *Id.* The Government argues that Plaintiff cannot carry her burden on any

of these elements. (Doc. No. 14 at 17.) Because Plaintiff has no evidence that the Government

breached a duty owed to her, the Court must grant summary judgment for the Government.

At the outset, the Court notes that Plaintiff cannot rely on unsupported allegations from

her complaint to defeat a motion for summary judgment. *See Williams*, 891 F.2d at 460

(explaining that a "nonmoving party . . . cannot simply reassert factually unsupported allegations

contained in its pleadings." (internal quotations omitted)); *Graudins v. Retro Fitness, LLC*, 921

F. Supp. 2d 456, 463 (E.D. Pa. 2013) ("A plaintiff cannot rely on unsupported allegations in

[her] complaint to survive a motion for summary judgment." (internal quotations omitted)).

Instead, once the Government has met its initial burden, Plaintiff must point to record evidence

for each element of her claim. *See Celotex Corp.*, 477 U.S. at 322–23.

Plaintiff took no depositions, served no written discovery on the Government, and failed

to depose the USPS driver. So, the only sources of potential proof for her negligence claim are

her answers to the Government's interrogatories and her deposition testimony. But neither

source contains sufficient proof to create a genuine dispute of material fact about the breach

element of her negligence claim. In her interrogatory response, Plaintiff said she was driving

south on Broad Street and had a green light for the Saint Luke intersection when a tractor trailer

hit her car on the front driver's side. (Doc. No. 14-1. at 5.) Then, in her deposition, she

explained that she never actually saw the 28-foot USPS truck until after the collision. (*Id.* at 9–

11.) In both, she never said that the tractor trailer ran a red light while making a left turn onto

North Broad Street.  On the contrary, she speculated that the tractor trailer did not turn left at all and must have been driving parallel to her on Broad Street.  (*Id.* at 11–12.)

This evidence does not show that the Government breached its duty of care.  She never explained why, nor does she have any evidence that, the USPS driver was at fault in the car accident.  Instead, the competent record evidence—the police report, the USPS driver's testimony, and the photograph taken of the accident—all indicate that Plaintiff was at fault.  And she has put on no other evidence about the cause of the accident, such as witness depositions, camera footage, or a deposition of the USPS driver.  The only evidence she has are her own vague, unsubstantiated statements from her deposition testimony and interrogatory response.  This speculative evidence does not explain the cause of the accident and is not enough to overcome the Government's motion for summary judgment.  *See Parker v. Sch. Dist. of Philadelphia,* 823 F. App'x 68, 72 (3d Cir. 2020) ("In response to a summary judgment motion, a litigant cannot rely on suspicions . . . speculation and conjecture . . . [or] vague, unsupported assumptions . . . to create a genuine dispute of material fact[.]").  Without any evidence that the Government was at fault in the car accident, the Court finds that there is no genuine dispute of material fact about whether the Government breached its duty of care.  *See Martin*, 711 A.2d at 461 ("The mere occurrence of an accident does not establish negligent conduct.").  The Court thus grants the Government's motion for summary judgment.

## III.    Conclusion

For the reasons set forth above, the Court grants the Government's motion to strike and motion for summary judgment.  An accompanying order follows.

11